The Indianapolis and St. Louis Railroad Company *v.* Calvert.

No. 11,911.

THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY
*v.* CALVERT.

INJUNCTION.—*Railroad.*—*Street.*—*Right of Way.*—*Release.*—*Abutting Owner.*
—*Side Track.*—The owner of a corner lot, for a valuable consideration,
released to a railroad company the part of the streets adjoining his
property, to the center line, for a right of way, "to be occupied by one
track, as now located." In constructing a switch the company proposed
to lay one rail thereof for a distance of nineteen feet in front of the lot
and near the intersection of the streets, on the projecting ends of the
ties on which the main track was laid, and fourteen inches from the
main rail. Suit for an injunction.
*Held,* that in the absence of a showing that such occupation of the ties
of the main track will impose any additional burden upon the plain-
tiff's soil, or will present any additional impairment or interference
with his use of the street, the injunction will not lie.

From the Vigo Superior Court.

*J. T. Dye,* for appellant.

*J. T. Scott,* for appellee.

MITCHELL, J.—This was a proceeding by Calvert to en-
join the railroad company from laying a switch diverging
from its main track, in Tippecanoe street, in the city of
Terre Haute. The appeal is from a final order granting the
injunction as prayed.

The facts, as they appear in the evidence, are, that Calvert
is the owner of the north half of lot No. 28, in Rose's sub-
division to Terre Haute. The lot fronts north on Tippe-
canoe street and west on Eighth street. The main track of
the defendant's railroad is located on Tippecanoe street,
running east and west—about the center line of the street.
In 1876, after the railroad was constructed, Calvert and wife
executed a release to the company substantially as follows:

"In consideration of the sum of two hundred and fifty
dollars, to us paid by the Indianapolis & St. Louis Railroad
Company, we do hereby release unto said railroad company,
for right of way for the use of said company, all that part

of Tippecanoe and Eighth. streets, adjoining lot No. 28, lying on the south side of the center line of Tippecanoe street, * * * hereby releasing and relinquishing to said company all damages, or right of damages, by us or either of us, sustained on account of the location, construction or operation of said railroad. It is the intention of the parties hereto to release a right of way, to be occupied by one track, as now located." This instrument was signed and acknowledged.

The evidence tended to show that the railroad company was proceeding to construct a switch from the south side of the main track to a warehouse located on the south side, and some distance west of the plaintiff's lot.

It was conceded at the hearing that the wooden ties which supported the defendant's main track, in front of plaintiff's lot, were eight and one-half feet in length, and that the ends of the ties projected one foot ten and a half inches beyond the rails. In constructing the switch complained of, it was proposed to lay the south rail thereof, for a distance of nineteen feet, in front of the plaintiff's lot, at and near the intersection of Eighth street by Tippecanoe street, on the projecting ends of the ties on which the rails of the main track had been laid, fourteen inches south of the south rail of the main track. This was the whole injury complained of. It was not shown that the occupation of fourteen inches of the projecting ties will impose any additional burden upon the plaintiff's soil; nor that it will present any additional impairment or interference with his use of the street.

The question is, whether under such circumstances the plaintiff, having for a valuable consideration given the release above set out, may now enjoin the company from occupying the south end of its ties in the manner above described.

In its general scope the release is of all that part of Tippecanoe and Eighth streets south of the center line of the

street first named. The final stipulation shows that it was the intent to confine the release to a right of way in the street, to be occupied by one track, as then located. This, of course, must have a reasonable construction. The track necessarily embraced the road-bed as prepared and used, with the ties and rails laid thereon. Until it appears that the laying of the proposed switch will in some way impose a burden on the plaintiff's soil which was not occupied by the track as it was located and used at the time the release was made, or that in some way obstructs or impairs the plaintiff's use of the street in a manner different from the obstruction occasioned by the main track, no right to an injunction is shown.

It would be an unreasonably narrow construction of the grant above set out to hold that the occupation of one end of the ties upon which the main track rests, for purposes reasonably incident to the main track, would impose such an additional burden upon the plaintiff's land in the street as to invoke the jurisdiction of the court to grant the extraordinary remedy of an injunction. Nothing appears in the record to indicate that the proposed occupation of the ties would in any manner interfere with the plaintiff's easement in the street. This is nowhere claimed. Since it appears that neither the road-bed, ties, nor main track are to be in any manner extended by the proposed switch, the record presents no case for injunctive relief.

Judgment reversed, with costs.

Filed April 23, 1887.